IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(513) 904-2679** | Case No. **1:19MJ-231**<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, **Anthony Peters**, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(513) 904-2679 (Target Telephone)**, whose service provider is **MetroPCS**, a wireless telephone service provider headquartered at **2250 Lakeside Blvd. Rihardson, TX, 75082**. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3123(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the **Federal Bureau of Investigation (FBI)**, and have been since **May, 2014**. I am also a Cincinnati Police Officer and have been since March 2004. I

have conducted investigations into criminal enterprises, narcotics investigations, organized crime, and violent crimes to include the unlawful possession, possession with the intent to distribute, and actual distribution of controlled substances, as well as the associated conspiracies in violation of Title 21, United States Code, Sections 841(a)(1) and 846. I am currently assigned to the Cincinnati Field Office of the FBI. I have received specialized training from the FBI and the State of Ohio, in areas such as narcotics trafficking, electronic surveillance, pen register analysis, and electronic interception training courses. That training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and, the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

4. Your affiant has also participated in the execution of federal search warrants and federal arrest warrants in relation to these investigations. Additionally, your affiant has participated in the installation and monitoring of tracking devices for vehicles in order to determine the whereabouts of believed drug traffickers and their illicit merchandise. Your affiant has also been involved with the monitoring responsibilities of Title III Wire intercepts, and analysis of pen registers related to narcotics and gang investigations. Your affiant is familiar with their methods of concealing the whereabouts of their illegal drugs, the methods they use to keep law enforcement officers from finding evidence of drug trafficking operations as well as the methods they use to prevent others unfamiliar with their criminal conduct from observing things indicative of drug trafficking. Your affiant is also familiar with the evasive nature surrounding

most drug traffickers and the common ways in which wholesale drug distributors attempt to conceal their assets, their purchases, and other financial dealings that could be traced to them. During my law enforcement career, I have conducted and participated in the investigation of numerous criminal offenses, including those involved in the current investigation. I have participated in illicit narcotics trafficking investigations, violent crimes investigations, and gangs and criminal enterprise investigations, ranging from street level dealers to major narcotics suppliers. Those investigations have also included the unlawful importation, possession with intent to distribute and distribution of illegal substances, the related money laundering instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities, and conspiracies associated with criminal narcotics offenses. Those investigations during my career, which have resulted in the seizure of narcotics, arrests of suspects, their prosecution, conviction; have involved: the use of confidential informants; the analysis of pen registers, trap and trace, and toll records; physical surveillances; electronic surveillances to include the use of pole cameras and vehicle cameras; and the execution of search warrants.

5. Through my training and experience I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of standard hardline telephones, cellular telephones and digital display paging devices, or use of multiple telephones or other devices, to avoid detection by law enforcement.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that **Derwin GADSON** has violated **21 USC § 846,** conspiracy to possess with intent to distribute a controlled substance. **Derwin GADSON** was charged with these crimes on **June 21, 2018** and is the subject of an arrest warrant issued on **June 21, 2018**. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting **Derwin GADSON**, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

8. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i);.

## **PROBABLE CAUSE**

9. The United States, including **FBI**, is conducting a criminal investigation of **Derwin GADSON** regarding possible violations of **21 USC § 846,** conspiracy to possess with intent to distribute a controlled substance.

10. In February of 2017, Title III interceptions were authorized in regards to voice communications taking place on the phone being utilized by CAMPBELL. During interceptions Agents overheard numerous conversations related to the sale of narcotics. During the course of the Title III intercepts, Agents heard multiple narcotics related phone calls with DERWIN GADSON who was utilizing 513-780-9413.

11. On February 7, 2018, GADSON was charged in a multiple count indictment against the JMDTO for Conspiracy to Possess with intent to distribute fentanyl, cocaine, and heroin and a subsequent arrest warrant was issued for GADSON on that date.

12. On August 9, 2018, a reliable and confidential source of information [SOI] reported that they contact GADSON through the utilization 513-780-9413 to buy heroin on a daily basis. The SOI also stated that GADSON uses Lyft Taxi services in order to avoid traffic stops by police.

13. Since February 2018, Agents attempted to locate GADSON without success. Multiple surveillances were conducted at GADSON's permanent and temporary residences and interviews of previous neighbors and family members were also conducted in an attempt to locate GADSON.

14. On March 17, 2019, GADSON's Facebook page was located with the Facebook ID: 100029491463370 and the profile name "RacksFrm Daland". This page is active and has posted almost daily since March 1, 2019; a number of the posts include messages or photographs placing GADSON in the Mt. Auburn neighborhood and central business district of Cincinnati. GADSON's Facebook profile picture features himself standing on the porch of 241 McCormick Ave. in Mt. Auburn, Cincinnati of which he and his family are associated. The Facebook "About" information displays a phone number of **(513) 904-2679 (Target Telephone).** This is an active number with service provided by MetroPCS.

15. In my training and experience, I have learned that **MetroPCS** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking

technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

16. Based on my training and experience, I know that **MetroPCS** can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on **MetroPCS**'s network or with such other reference points as may be reasonably available.]

17. Based on my training and experience, I know that **MetroPCS** can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as **MetroPCS** typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

19. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20. I further request that the Court direct **MetroPCS** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **MetroPCS**. I also request that the Court direct **MetroPCS** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **MetroPCS**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **MetroPCS**'s network or with such other reference points as may be reasonably

available, and at such intervals and times directed by the government. The government shall reasonably compensate **MetroPCS** for reasonable expenses incurred in furnishing such facilities or assistance.

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

22. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

ANTHONY D. PETERS
Special Agent
FBI

Subscribed and sworn to before me on 25 MARCH, 2019

HONORABLE STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(513) 904-2679,** whose wireless service provider is **MetroPCS**, a company headquartered at **2250 Lakeside Blvd. Rihardson, TX, 75082**.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of **MetroPCS** including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **MetroPCS**, **MetroPCS** is required to disclose the Location Information to the government. In addition, **MetroPCS** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **MetroPCS**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **MetroPCS**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **MetroPCS** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

II.     **Information to Be Seized by the Government**

**CHOOSE APPLICABLE:**

**IF WARRANT IS SOUGHT TO LOCATE A FUGITIVE:**

All information described above in Section I that will assist in arresting **Derwin GADSON**, who was charged with violating **21 USC § 846,** conspiracy to possess with intent to distribute a controlled substance on **June 21, 2018**, is the subject of an arrest warrant issued on **June 21, 2018**, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).